UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23866-UU

SONIA BONILLA,

    Plaintiff,

v.

SEVEN SEAS CRUISES S. DE R.L., LLC,

    Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment. D.E. 20.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed and is ripe for determination.

## BACKGROUND

The following facts are not in dispute unless otherwise indicated. On October 24, 2012, Plaintiff and her husband boarded the *S.S. Voyager*, a cruise ship owned and operated by Defendant since 2008. Parties' Statement of Facts at ¶ 1; Lindsay Dep. at 30:15–17. The next day, after finishing dinner, Plaintiff went with her husband to explore the ship. S. Bonilla Dep. at 42:5–9. As Plaintiff was walking through a doorway on Deck 11, her left foot got caught on a visible metal threshold that stood approximately three inches from the floor. S. Bonilla Dep. at 47:12–16, 103:16–20; Lindsay Dep. at 54:10–17. When she attempted to free her foot, her leg twisted and she sustained injuries. S. Bonilla Dep. at 47:12–16.

The threshold had been in place since Defendant acquired the ship in 2008 and Defendant had no knowledge of any incidents or complaints related to that threshold. There also had been no reports of any accidents related to the threshold, Lindasy Dep. at 13:15–14:14, 30:15–17, 44:13–45:6, 55:13–19. Nevertheless, Defendant verbally warned all passengers to mind the many thresholds throughout the ship. *Id.* at 52:3–17. Further, though there was no sign warning of the particular threshold that Plaintiff claims to have caused her injury, such signs were permanently affixed near many of the other thresholds on the ship. *Id.* at 52:3–17, 55:2–5.

On October 24, 2013, Plaintiff filed suit against Defendant, alleging that her accident was caused by Defendant's negligence in: (1) creating an unreasonably dangerous condition on the ship; (2) failing to reasonably maintain the ship; and (3) failing to reasonably warn passengers of the dangerous condition. Defendant now moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any

genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991(5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## ANALYSIS

To succeed on a claim of negligence under federal maritime law, a plaintiff must prove: "(1) a duty recognized by the law requiring a certain standard of conduct for the protection of others against unreasonable risks; (2) breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." *See Crayton v. Oceania Cruises, Inc.*, 600 F. Supp. 2d 1271, 1275 (S.D. Fla. 2009). And while shipowners owe their passengers a duty of reasonable care, *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632 (1959), maritime law "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Here, Defendant asserts that it did not breach its duty of reasonable care and in support proffers three arguments.

First, Defendant argues the threshold did not constitute an unreasonably dangerous condition because there were no other incidents relating to that threshold and because Plaintiff did not produce an expert who could testify that the threshold was unreasonably dangerous. The Court disagrees. Plaintiff proffers evidence that the metal threshold rose to about three inches above the floor in a doorway. This evidence alone creates a genuine issue as to whether the threshold constituted an unreasonably dangerous condition.

Second, Defendant argues it lacked actual and constructive knowledge that the threshold was dangerous and that it therefore cannot be held liable. Again, the Court disagrees. Because the particular

threshold at issue was a permanent fixture on the *S.S. Voyager* since Defendant first acquired the ship in 2008, a jury could find that Defendant had actual or constructive knowledge of the existence of that threshold. And having found that Defendant knew or should have known of the threshold at issue, a jury could then determine that Defendant should have reasonably known that a three-inch metal threshold in a doorway posed a risk of injury to guests.[1]

Lastly, Defendant argues it had no duty to warn of the threshold because it was open and obvious. Defendant is correct in that, under maritime law, a shipowner's duty to warn extends only to those dangers not apparent and obvious to a reasonable person through the ordinary use of his senses. *See, e.g.*, *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). But here, though the threshold was visible, there remains an issue of fact as to whether the three-inch threshold was sufficiently apparent to preclude all liability. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment, (D.E. 20), is DENIED. However, because Plaintiff represents in her response that she is no longer pursuing her negligent design claim, that claim is hereby deemed abandoned.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

---

[1] Alternatively, a jury could determine that Defendant actually knew of the risk posed by the threshold, as Defendant verbally warned passengers to mind the many thresholds throughout the ship.